UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DAVID C. LETTIERI,

                              Plaintiff,

     v.                                            3:23-cv-01597 (AMN/ML)

JENELLE BRIGUEAL,

                              Defendant.

---

**APPEARANCES:**                                    **OF COUNSEL:**

**David C. Lettieri**
2023-00002000
Niagara County Jail
5526 Niagara Street Ex
Lockport, New York 14094
Plaintiff, *pro se*

**Hon. Anne M. Nardacci, United States District Judge:**

**ORDER**

**I.    INTRODUCTION**

On December 18, 2023, Plaintiff *pro* se David C. Lettieri commenced this action using a form complaint that alleged his civil rights were violated by Defendant Jenelle Brigueal. Dkt. No. 1. Plaintiff did not pay the filing fee, sought leave to proceed *in forma pauperis* ("IFP"), and filed an inmate authorization form. Dkt. Nos. 2-3. On December 19, 2023, United States Magistrate Judge Lovric denied Plaintiff's IFP request, without prejudice and with leave to renew. Dkt. No. 4. On January 11, 2024, Plaintiff filed a revised IFP application. Dkt. No. 5.

This matter was referred to Magistrate Judge Lovric, who, on January 25, 2024, issued an amended Report-Recommendation and Order (i) denying Petitioner's renewed IFP request because Petitioner had failed to demonstrate economic need and had accumulated at least three

"strikes," pursuant to 28 U.S.C. 1915(g) ("Section 1915(g)") for frivolous or meritless litigation; and (ii) recommending that Plaintiff's letter motion for a restraining order, *see* Dkt. No. 6, be denied without prejudice to refiling ("Report-Recommendation").[1]  Dkt. No. 10.  Magistrate Judge Lovric advised that under 28 U.S.C. § 636(b)(1), the parties had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within fourteen days would preclude appellate review.  Dkt. No. 10 at 11.[2]  Plaintiff filed objections on February 7, 2024.  Dkt. No. 11.

For the reasons set forth below, the Court rejects Plaintiff's objections and adopts the Report-Recommendation in its entirety.

## II.   STANDARD OF REVIEW

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection.  *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228-29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C).  If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error.  *See Petersen*, 2 F. Supp. 3d at 229 (citing Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition).  Similarly, if an objection simply rehashes arguments originally presented to the magistrate judge, this Court reviews the relevant portions of the report-recommendation for clear error.  *See Petersen*, 2 F. Supp. 3d at 228-29 & n.6 (collecting cases).  "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in

---

[1] Magistrate Judge Lovric issued an initial Report-Recommendation and Order, dated January 17, 2024, that similarly denied Plaintiff's IFP request because Plaintiff had accumulated three strikes and recommended denial of Plaintiff's letter motion, in addition to also conducting an initial review of the complaint pursuant to 28 U.S.C. § 1915(e).  Dkt. No. 9.
[2] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system.

order to accept the recommendation.'" *Dezarea W. v. Comm'r of Soc. Sec.*, No. 6:21-CV-01138 (MAD/TWD), 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 1:17-CV-0367 (GTS/WBC), 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)). After appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## III. DISCUSSION

The Court adopts those aspects of the Report-Recommendation to which neither party has raised a specific objection, finding no clear error therein, including the background and the legal framework set forth in the Report-Recommendation, familiarity with which is presumed for purposes of this decision.

Construed liberally, Plaintiff's submission raises four objections to the Report-Recommendation: (i) Magistrate Judge Lovric erred in finding that the "imminent danger" exception did not apply to Plaintiff, and thus erred in finding that Plaintiff's three strikes prevented him from proceeding IFP; (ii) Magistrate Judge Lovric should also have granted Plaintiff's IFP request because Plaintiff cannot access the various assets identified on his IFP application in order to pay the filing fee; (iii) Plaintiff's claims are meritorious; and (iv) Magistrate Judge Lovric should have granted Plaintiff's letter motion for a restraining order.

As an initial matter, the Court notes that Plaintiff does not challenge the Report-Recommendation's finding that, prior to filing the instant action on December 18, 2023, he had at least three strikes pursuant to Section 1915(g) for frivolous or meritless litigation. *See* Dkt. No. 10 at 7-8; *see also Lettieri v. Broome County Humane Society*, 23-CV-07777 (HG) (MMH), 23-CV-07830 (HG) (MMH), 2023 WL 8003478, at *1 (E.D.N.Y. Nov. 17, 2023) (finding that "Plaintiff had accumulated three strikes before he delivered either of his complaints in these two

3

cases"); *Lettieri v. Broome County Humane Society*, 23-CV-1223-LJV, 2023 WL 9066861, at *2 & n.3 (finding that "Lettieri has accumulated three strikes under 28 U.S.C. § 1915(g) and noting that "Lettieri likely has many more than three strikes. But three are enough") (W.D.N.Y. Dec. 4, 2023); *Lettieri v. Auricchio*, 23-CV-1121-LJV, 2023 WL 9066873, at *2 & n.3 (W.D.N.Y. Dec. 4, 2023) (again finding that "Lettieri has accumulated three strikes under 28 U.S.C. § 1915(g)" and "likely has many more than three strikes").  Nor does Plaintiff challenge the Report-Recommendation's finding that Plaintiff has filed nearly 80 cases—in federal courts across New York, as well as the nation—since March 2023.  Dkt. No. 10 at 4-7.

Plaintiff argues that notwithstanding his three strikes he should be allowed to proceed IFP under Section 1915(g)'s "imminent danger" exception.  Plaintiff's conclusory argument—that he was in "imminent danger" because his complaint alleged witness tampering by a federal law enforcement officer which occurred at some date prior to the filing of the complaint and for which he was not present—is meritless.  Dkt. No. 11 at 1-2; *see also Lettieri*, 2023 WL 9066861 at *2 (finding imminent danger exception did not apply because "no reading of the complaint could suggest that is the case").  Following *de novo* review, the Court agrees with the Report-Recommendation's finding that because the "imminent danger" exception does not apply to Plaintiff for purposes of Section 1915(g), Plaintiff is barred from proceeding IFP.  Dkt. No. 10 at 8-9.  Because Plaintiff's serial violations of Section 1915(g)'s three strikes limitation bar him from proceeding IFP, the Court need not address his arguments regarding his various financial assets or the merit of his claims.  Dkt. No. 11 at 1-4.

Last, Plaintiff's conclusory statement that his letter motion for a restraining order "should be granted" is similarly meritless.  *Id.* at 2.  Following *de novo* review, the Court finds that this pending letter motion should be denied for the reasons stated in the Report-Recommendation.  Dkt.

No. 10 at 9-10.  For those reasons, as well as the Court's inherent authority to manage its docket, *see Dietz v. Bouldin*, 579 U.S. 40, 47 (2016), the Court also denies Plaintiff's pending motions filed in the weeks since his objections.  *See* Dkt. Nos. 12, 15.

Accordingly, the Report-Recommendation is adopted in its entirety.

IV.   **CONCLUSION**

Accordingly, the Court hereby

**ORDERS** that Plaintiff's amended IFP application, Dkt. No. 5, is **DENIED**; and the Court further

**ORDERS** that should Plaintiff wish to proceed with this action, he is required to pay the $405.00 filing and administrative fee **within thirty (30) days** of the date of this Order; and the Court further

**ORDERS** that if Plaintiff does not pay the full $405.00 filing and administrative fee **within thirty (30) days** of the date of this Order, the case will be dismissed without prejudice and without further order of the Court; and the Court further

**ORDERS** that Plaintiff's pending motions, Dkt. Nos. 6, 12, 15, are **DENIED**; and the Court further

**ORDERS** that the Clerk serve a copy of this Order on all parties in accordance with the Local Rules.[3]

**IT IS SO ORDERED.**

Dated: April 12, 2024
Albany, New York

*Anne M. Nardacci*
Anne M. Nardacci
U.S. District Judge

---

[3] The Clerk shall also provide Plaintiff with copies of all unreported decisions herein.